WESTERN DIST.
October, 1831.

THOMASSON
ET ALS.
vs.
WATERS.

---

## THOMASSON ET ALS. vs. WATERS.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

When the report of experts or auditors is made out it is necessary that it be filed, and the motion to homologate it be made in open court, before notice to the adverse party, to show cause, &c. and ten days allowed to make the opposition, after the motion to homologate.

The plaintiffs allege they shipped with captain Waters, on board the steamboat Dolphin, thirteen bales of cotton, worth six hundred and eleven dollars and sixty cents, and consigned to Lee & Williams in New-Orleans, which the captain has failed to deliver, but has appropriated to his own use. They pray a judgment against the defendant for six hundred and eleven dollars and sixty cents and interest and damages.

The defendant denied that he owed the plaintiffs any thing, and also the right of John D. Thomasson to sue as administrator, not having shown his authority to do so. He excepted to being sued in the parish of Catahoula, alleging his domicil to be in Rapides.

He also sets up a reconventional demand against the succession of James A. Thomasson, deceased, evidenced by several notes and drafts to the amount of seven hundred dollars.

After the cause was at issue, there was an order referring it to arbitrators, who were to report thereon within sixty days.

WESTERN DIST.
October, 1831.
THOMASSON
ET ALS.
vs.
WATERS.

A new order was made at the June term, 1829, referring it to new arbitrators, who were to report at the next term of the court.

The arbitrators reported the sum to be due six hundred and eleven dollars and sixty cents, with ten per cent. per annum interest from the time it was shipped until payment, but disagreed as to whom the cotton belonged.

The plaintiffs moved the homologation of the report so far as it awarded the sum due, and that it be corrected as to the opinions expressed in it. It was sent back and an umpire appointed. At the September term, 1830, another report was made and moved by the plaintiffs to be homologated and made the judgment of the court.

The defendant's counsel objected, 1. On the ground that the arbitrators were not sworn. 2. The defendant was not regularly notified, with several other objections not material to notice.

The court overruled all the objections, and gave judgment for the plaintiffs, for the sum claimed, and sixty dollars in damages.

The court overruled the opposition to the homologation on the ground that it could only be filed within ten days next following service of notice. The report had been filed in the clerk's office and notice given in vacation. When the court met, then the defendant filed his opposition and contended he was allowed ten days to do so after the report was filed in court. A bill of exceptions was taken to the decision of the court.

*Flint*, for plaintiffs.

1. Explained the case to the court, and urged the affirmance of the judgment of the District Court.

2. We have shown our right to the cotton shipped with the defendant to New-Orleans, and we now claim its value as ascertained by the verdict of the jury.

*Winn*, for the defendant.

1. The award of the auditors was improperly homologated, and contrary to the rules of law prescribed in such cases.

2. The Code of Practice says that after the report is filed to the clerk of the court which appointed the arbitrators, the party wishing to avail himself of it, may, " on motion," notify the adverse party to show cause within ten days why it shall not be homologated. This means judicial days, for a motion must first be made, which can only be done in court, and the court decides summarily on the opposition. *Code of Practice,* article 456–7.   8 *Martin, N. S.* 514.

WESTERN DIST.
October, 1831.

THOMASSON ET
ALS.
*vs.*
WATERS.

*Mathews, J.* delivered the opinion of the court.

In this case it appears that accounts were referred by the court below to auditors, whose report was filed in the clerk's office out of term time, and at the succeeding term of the court was by order, homologated, and made its judgment; from which the defendant appealed.

There are several bills of exception taken to the regularity of the proceedings in the inferior court; but we deem it necessary to notice only one, as our conclusion on that requires the cause to be remanded.

Previous to the order of court homologating the report of the auditors, the defendant's counsel moved for permission to file his opposition to said report, which was refused, as more than ten days had elapsed from the time the proceedings of the auditors had been filed in the clerk's office; and to the opinion of the court, overruling this motion a bill of exceptions was taken. We are of opinion that the court below erred in this part of its proceedings. It was necessary that the motion to homologate should be made in open court, and precede the notice to the opposite party to show cause, &c. According to the terms of the *Code of Practice, articles 456–7,* ten days notice is allowed to the party dissatisfied with the report of experts or auditors to file his opposition: and this notice must of necessity be subsequent to the rule to show cause against the homologation. These articles of the Code of Practice are evidently ill calculated to hasten the administration of justice in the country, where the courts hold session only once in six months: but they are positive law, and must be obeyed.

When the report of experts or auditors is made out it is necessary that it be filled, and the motion to homologate it be made in open court, before notice to the adverse party, to show cause, &c. and ten days allowed to make the opposition, after the motion to homologate.

10

WESTERN DIST.
October, 1831.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled: And it is further ordered, that the cause be sent back to the District Court to be tried *de novo*, with instructions to the judge *a quo*, to allow the opposition of the defendant and appellant to the report of the auditors in this case to be filed: And that the appellee pay the costs of this appeal.